# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **REGINA PERKINS** ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO: 2:19-cv-2824 |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| **FIRST ADVANTAGE** ) | JURY TRIAL DEMANDED |
| **BACKGROUND SERVICES** ) | |
| **CORPORATION** ) | |
| ) | |
| Defendant. ) | |

## I.     PRELIMINARY STATEMENT

1.     This is an action for damages brought by an individual consumer against the Defendant First Advantage Background Services Corporation (hereafter "First Advantage") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*. Under the FCRA, "consumer reports" subject to the statute's protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes." 15 U.S.C. § 1681a(d)(1)(B).

2.     Defendant First Advantage is a consumer reporting agency which provides background and employment screening services, and decision-making intelligence to prospective employers.

3.     The FCRA was enacted to "insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the

consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b).

## II.      JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III.     PARTIES

6. Plaintiff Regina Perkins is an adult individual who resides in the State of Tennessee.

7. Defendant First Advantage is a consumer reporting agency which provides background and employment screening services, risk-management services and products, information management products and services, and decisions-making intelligence. First Advantage regularly conducts business in the Western District of Tennessee and has a principal place of business located at 1000 Alderman Drive, Alpharetta, GA 30005.

## IV.     FACTUAL ALLEGATIONS

8. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's background to third parties (hereafter the "inaccurate information").

9. The inaccurate information includes a false criminal history and personal identifying information.

10. Specifically, the inaccurate information includes, but is not limited to, inaccurate possession of a weapon/possession of a controlled substance and vandalism indictments and possession of a controlled substance convictions, which does not belong to Plaintiff, but instead belongs to another individual who has a similar name as Plaintiff.

11. The inaccurate information negatively reflects upon the Plaintiff and misidentified

Plaintiff as an individual with indictments for possession of a weapon/possession of a controlled substance and vandalism and convictions for possession of a controlled substance. It appears that Defendant, as a result of its unreasonable procedures, produced a consumer report that identified Plaintiff as having indictments for possession of a weapon/possession of a controlled substance and vandalism and convictions for possession of a controlled substance because it mixed her criminal history with that of another person.

12. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate background information and consumer reports that it has disseminated to various persons and prospective employers, both known and unknown.

13. Plaintiff has applied for and has been denied employment opportunities, including but not limited to, employment opportunities with Kelly Services in September 2019. Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's consumer reports with Defendant and that the inaccurate information was a substantial factor for those denials.

14. As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, emotional distress, including anxiety, frustration, humiliation and embarrassment.

15. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

16. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

## V.  CLAIMS

### COUNT ONE – VIOLATION OF THE FCRA

17.  Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

18.  At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

19.  At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

20.  At all times pertinent hereto, the above-mentioned background report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

21.  Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency pursuant to 15 U.S.C. § 1681e(b).

22.  The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## VI.  JURY TRIAL DEMAND

23.  Plaintiff demands trial by jury on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)  Statutory damages;

  (b)  Actual damages;

  (c)  Punitive damages;

  (d)  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

  (e)  Such other and further relief as may be necessary, just and proper.


        Respectfully submitted,

        *s/ Micah S. Adkins*
        Micah S. Adkins
        WD TN BAR NO. 8639I48AL
        **THE ADKINS FIRM, P.C.**
        1025 Westhaven Boulevard, Suite 220
        Franklin, Tennessee 37064
        MicahAdkins@ItsYourCreditReport.com
        T: (615) 370-9659
        F: (615) 370-4099

        *Attorney for Plaintiff*


Dated: November 27, 2019